I dissent from the majority opinion. The majority view makes a charade of punitive damage legal principles and places the punishment for the wrongdoing on the public rather than on the wrongdoer. This decision has nothing to do with punishment. Neither the insurer nor the insured is guilty of willful or wanton misconduct, but the insurance company is required to pay the punitive damage award and the public is required to pay increased premiums while the one who engaged in the willful and wanton misconduct is not punished in any way. Establishing as a matter of public policy that additional damages beyond compensatory damages may be recovered against an employer's insurance company for the willful and wanton misconduct of an employee should be left to the legislature. We should not camouflage such additional damages as punitive damages when the wrongdoer goes unpunished for the willful and wanton misconduct which caused the injury.
In his concurring opinion, Justice Ehrlich argues that where the employer is guilty of only simple negligence, it should be able to protect itself by shifting to its carrier the responsibility for paying punitive damages assessed because of the willful and wanton misconduct of an employee. I recognize that an employer should be able to protect *Page 1069 
itself from its simple negligence, but now, under the majority opinion, we find it is proper to advise a jury that they may assess punitive damages against the employer "as punishment and as a deterrent"[1] for the conduct of its employee. In this type of circumstance, what evidence should be allowed to establish the financial condition of the employer? Should the limits of the insurance policy be part of the financial information submitted to the jury? We advise the jury that they "may consider the financial resources of such defendant in fixing the amount of such damages."[2] Since the purpose of punitive damages is both punishment and deterrence, it apparently would be proper to argue to the jury that they should award an amount of punitive damages sufficiently in excess of the policy limits so that the award would in fact be a punishment or a deterrent to the employer for his employee's conduct. The problem is that in this situation punitive damages are being assessed against someone other than the wrongdoer.
My solution is to apply punitive damages, as they were originally intended, against the person or entity which committed the willful and wanton act. I would prefer to reconsider and recede from Mercury Motors but, given that decision, if punitive damages are going to be assessed in a case like this, and if the purpose of these damages is punishment and deterrence, they should be assessed against the employer rather than its insurance company. For that reason, I concur with Justice McDonald.
[1] Fla.Std.Jury Instr. (Civ.) 6.12 reads as follows:
If you find for (claimant) and find also that [the defendant] [any defendant whom you find to be liable to (claimant)] acted with malice, moral turpitude, wantonness, wilfulness or reckless indifference to the rights of others, you may, in your discretion, assess punitive damages against such defendant as punishment and as a deterrent to others. If you find that punitive damages should be assessed against [the] [any] defendant, you may consider the financial resources of such defendant in fixing the amount of such damages. [You may assess punitive damages against one defendant and not the other[s] or against more than one defendant in different amounts].
[2] Id.